# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TAMMIE MOORE,** :
:
    Plaintiff, :
:
v. : Civil Action No. 7:06-cv-85 (HL)
:
**BLACK CROW MEDIA** :
**OF VALDOSTA, LLC.,** :
:
    Defendant. :
_____

## **ORDER**

    Plaintiff, Tammie Moore, filed a pro se complaint in this Court on August 31, 2006. Simultaneous with the filing of the complaint, Moore also filed a Motion to Proceed without Prepayment of Fees and Affidavit. Review of Moore's affidavit discloses a present monthly income of $1160 from unemployment benefits. The affidavit further discloses monthly household living expenses totaling $1186, and additional debts totaling $4588 on which she must make monthly payments to creditors. Moore states that she owns no real property, and has only $150 in a checking account and no savings account. She states that she owns a 2001 Toyota Rav4 valued at approximately $8000, but she makes monthly payments on it in the amount of $218.

    Pursuant to 28 U.S.C.A § 1915(a), a district court must determine whether the statements contained in an *in forma pauperis* affidavit satisfy the requirement of poverty. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). According to the

court in Martinez "an affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." Id. at 1307.  Because Moore's monthly expenses exceed her monthly income, the Court finds she is unable to pay the costs and fees associated with this lawsuit.  Accordingly, the Court hereby **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

However, consistent with the provisions of 28 U.S.C.A. § 1915(e)(2) and the decision in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827 (1989), before directing that service of process be issued, this Court has reviewed Plaintiff's complaint to determine if it should be allowed to go forward.  Having reviewed the complaint, and as more fully explained below, the Court finds that the complaint must be amended before service will be ordered.

Plaintiff states that her complaint is brought pursuant to the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. §§ 2601 to 2654, (Compl. ¶ 2) and that she was unlawfully terminated by her employer in violation of 29 U.S.C. § 2615(a).  (Compl. ¶¶ 16, 17.) Plaintiff seeks an award of back wages and benefits.  (Compl. ¶ 19.)  Plaintiff also seeks an award of attorney's fees pursuant to 29 U.S.C. § 2617(a)(3).  (Compl. ¶ 20.)

The purpose of the FMLA is to "minimize the potential for employment discrimination on the basis of sex by ensuring generally that leave is available for eligible medical reasons (including maternity-related disability) and for compelling family reasons, on a gender-neutral basis." 29 U.S.C.A. § 2601(b)(4) (West 1999).  To accomplish its

purposes, under the FMLA an employee is entitled to 12 workweeks of leave for one of the following events: (A) birth of a child or to care for such child; (B) placement of a child for adoption or foster care; (C) care of a spouse, child, or parent of the employee, if such spouse, child or parent has a serious health condition; and (D) because of a serious health condition that makes the employee unable to perform the functions of her job.  29 U.S.C.A. § 2612(a)(1) (West 1999).  If certain conditions are met, an employee who takes leave under § 2612 is protected under the FMLA and is entitled to be restored to her position or an equivalent position without loss of benefits upon her return. 29 U.S.C.A. § 2614(a) (West 1999).  Interference with an employee's FMLA rights by an employer is unlawful, 29 U.S.C.A. § 2615(a) (West 1999), and may subject the employer to liability under the Act, 29 U.S.C.A. § 2617(a)(1) (West 1999), as well as attorney's fees, 29 U.S.C.A. § 2617(a)(3) (West 1999).

In this case, Plaintiff alleges her employer engaged in unlawful employment practices pursuant to 29 U.S.C.A. § 2615(a).  However, Plaintiff's complaint fails to identify an essential element of her claim in that it fails to identify the § 2612(a)(1) event which entitled her to FMLA leave.  She states only that she was entitled to leave for "qualifying circumstances" without explaining the nature of the qualifying circumstances in this case. She notes, for example, that FMLA leave may be taken for the purpose of caring for an immediate family member with a serious health condition, but fails to state whether her leave was taken for such a purpose.  Plaintiff is directed to amend her complaint to identify with

more specificity the qualifying circumstances on which her FMLA claim is based.

Additionally, Plaintiff's complaint seeks an award of attorney's fees pursuant to 29 U.S.C.A. § 2617(a)(3). It is well settled that a pro se litigant who is not a lawyer is not entitled to attorney's fees. *See* Kay v. Ehrler, 499 U.S. 432, 111 S. Ct. 1435 (1991). Therefore, because Plaintiff is pro se, she is directed to amend her complaint to remove her request for attorney's fees.

Finally, the Court notes that although Plaintiff is proceeding pro se, her complaint appears to have been drafted by an attorney. Because Plaintiff has requested permission to proceed without payment of fees, and because the Court has an obligation to protect the integrity of the judicial system, Plaintiff is directed to file a separate statement notifying the Court as to whether her complaint was prepared by someone other than herself and, if so, providing the name, address, and phone number of such person. Additionally, if the complaint was prepared by someone other than herself, Plaintiff must tell the Court whether that person was paid for the service and, if so, how much was paid. The statement requested in this paragraph must be filed not later than 10 days from the date of entry of this Order.

Plaintiff shall have 30 days from the date of entry of this Order in which to file an amended complaint. Failure to file an amendment or the statement, as directed by this Order, will result in dismissal of the complaint without prior notice to Plaintiff.

**SO ORDERED**, this 14th day of September, 2006.


                              **s/   Hugh Lawson**
                              **HUGH LAWSON, JUDGE**

mls